FILED

**NOT FOR PUBLICATION**

NOV 19 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT W. HOLLAND, | No. 11-15133 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01768-ROS |
| v. | |
| CITY OF PHOENIX; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Robert W. Holland, an attorney, appeals pro se from the district court's

judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging federal

and state law violations in connection with defendants' collection and alleged

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

misapplication of traffic offense fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999), and we affirm.

The district court properly dismissed Holland's claims as time-barred because all claims accrued more than two years before Holland filed his complaint. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury actions); Ariz. Rev. Stat. § 12-821 (one-year statute of limitations for actions against any public entity or public employee); *TwoRivers*, 174 F.3d at 991-92 (for § 1983 claims, federal courts apply the forum state's statute of limitations for personal injury claims, which begin to accrue "when the plaintiff knows or has reason to know of the injury"); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (mere continuing impact from past violations not actionable).

**AFFIRMED.**

11-15133